2. ASSAULT AND BATTERY, § 17*—*when instruction as to considera-tion of defendant's pecuniary circumstances proper.* In an action of trespass to recover damages for an alleged assault, evidence in-troduced by plaintiff as to defendant's pecuniary circumstances was sufficient to warrant an instruction to the jury that in assessing exemplary damages they had the right to take into consideration defendant's pecuniary circumstances.

3. APPEAL AND ERROR, § 1406*—*when amount of verdict not ground for reversal.* Even though the damages awarded in an action of trespass for assault are excessive, where they are not so excessive as to show prejudice on the part of the jury the amount of the ver-dict is not ground for reversal.

4. ASSAULT AND BATTERY, § 22*—*where plaintiff's conduct ground for mitigation of damages.* In an action of trespass for an alleged assault where the plaintiff's conduct while not sufficient to warrant or excuse the assault was not entirely decorous and not entirely free from censure, it should be considered in mitigation of the damages.

5. DAMAGES, § 246*—*when remittitur proper on appeal.* In an action of trespass for assault where the Appellate Court finds that the amount of damages allowed is excessive, it will require the plain-tiff to remit the excess from the judgment as a condition of affirm-ance.

---

## William Libman, Plaintiff in Error, v. Carolina Baatz, Defendant in Error.

### Gen. No. 21,144.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Action by William Libman, plaintiff, against Caro-lina Baatz, defendant, to recover damages for an alleged breach of a written contract between plaintiff and defendant, for the sale of certain realty owned

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by defendant. The court found the issues for the defendant, and having entered judgment thereon for costs, plaintiff has sued out this writ of error.

The statement of claim set forth the contract of sale, and alleged that plaintiff's claim was for damages sustained through the failure on the part of the defendant to carry out the agreement; that plaintiff was at all times ready, willing and able to carry out said contract and did comply with every particle of said agreement; that he demanded from defendant that she likewise perform said contract, but that said defendant wholly refused, failed and neglected to do so, to plaintiff's damage of $1,000.

The affidavit of merits alleged, by way of defense, that plaintiff had, through his attorney, informed defendant that he would not carry out his part of the contract as he felt he was paying $2,500 more than the premises were worth; that while plaintiff's attorney returned the abstract of record, he did not cancel the contract; that the plaintiff's attorney stated she must come and settle with him whenever, in the future, she obtained a purchaser for said premises; that defendant was afterwards notified that unless the $200 earnest money was returned, plaintiff would instruct his attorney to place the said contract on record, so as to cloud defendant's title and thus force her to return the earnest money; that defendant, to prevent clouding the title, transferred the property to her daughter; that when plaintiff discovered the transfer he notified defendant that he was ready to carry out the said contract; that by arrangement between her attorney and that of plaintiff, the parties met in the office of plaintiff's attorney; that plaintiff's attorney then stated to defendant that he had been informed that she had transferred the premises to her daughter and that plaintiff would not take same; that thereupon her attorney made the following offer: That if plaintiff would place the sum of $4,800 and the notes and trust

deed securing said notes on said property in escrow with the Chicago Title & Trust Company, she would place the warranty deed from her daughter to plaintiff in escrow, pay the escrow fees, and also pay for having the abstract brought down to date, showing a clear and good title to the premises in her daughter, but this the plaintiff absolutely refused to do.

Each party introduced testimony tending to sustain the contentions made respectively in the statement of claim and affidavit of merits. While plaintiff urged several reasons why the judgment should be reversed, the greater part of his brief and argument was devoted to a discussion of the evidence, urging that the judgment was clearly and manifestly against the weight thereof.

Plaintiff contended that the transfer of the property to the daughter supported his evidence, that defendant refused to carry out the provisions of the contract as requested by him. Defendant's testimony, however, was to the effect that, plaintiff, having refused to close the deal, and having threatened to place the contract of record unless the earnest money was refunded to him, in order to keep the title clear, she transferred the property to her daughter.

ROBERT EDELSON, for plaintiff in error; WILLIAM M. TANNENBAUM, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

VENDOR AND PURCHASER, § 352*—*when evidence sufficient to support judgment.* In an action for a breach of contract for the sale of real estate, evidence examined and *held* to support a judgment for defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.